Reese, J.
delivered the opinion of the court.
The defendant in error obtained a judgment, on motion, against the plaintiff in error and his sureties, for the failure of the former in collecting and paying over the county taxes for the county of Shelby. There is no bill of exceptions in the case; and the objection to the judgment here is, that the court, on the face of the judgment, does not assume the existence of a state of facts as made to appear in the case, which will legally sustain the exercise of its jurisdiction. The principal specification under this general objection is, that the judgment does not state it to have appeared to the court, that the tax lists were placed in the hands of the Collector by the Clerk. It may be stated at the threshold, that it is believed that in the many judgments against Collectors, which by this court have been held good, not one, perhaps, sustained the assumption of such fact as necessary to be made to appear, and we would reluctantly yield to any new ground on which to arrest the efforts of the public in holding to ajust responsibility defaulting officers. But it is said, the question may have passed sub silentio. Let us then consider this objection.
The argument in its favor is, that in cases of individuals, when moving against Sheriffs for not paying over money collected on process, or for the non-return of process, &c. it must be shown that the execution was placed in the hands of the Sheriff; and that the tax list confers on him the same power, and. is as necessary to its exercise, as a fi. fa. In answer to this, we say, first, that in the case of a fieri facias the duty of a Sheriff is passive; it is not his business to sue out process, or to call for it. It is not the official duty of the Clerk to place it in his hands. That is the business of the plaintiff in the execution. When the Sheriff gets the process in his hands, his duty and responsibility commence. But it is otherwise with these tax lists; it is his active official duty to collect the taxes, and pay them over, and to take all necessary and proper means to that end. To the performance of this duty he is specifically sworn by the provisions of the 2d sec. of the act of 1835, ch. 15. Moreover it is the official duty of the Clerk to make out *559 the tax lists against a given time. This legal requsition it is to be presumed and intended the Clerk- will perform. This general answer to the objection we think would be sufficient. But there is a still more specific answer. It is provided in the act of 1833, ch. 86, sec. 2, “that when the Clerk shall have failed or refused to furnish the tax lists to the Sheriff, as directed by law, upon satisfactory proof of that fact being made appear to the Treasurer or County Trustee, they shall suspend taking judgment against said Sheriff and Collector, until a reasonable time after the reception of said list shall enable him to collect said tax.” Of course if no such proof be made, it is to be taken for granted that the tax lists have been made out. The strong implication from this provision is, that upon the motion nothing on this subject need be shown affirmatively by the Treasurer or Trustee.
Upon both grounds, therefore, we are of opinion that the objection is not well taken, and we affirm the judgment of the Circuit Court.